[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO SET ASIDE VERDICT
CT Page 7333
The plaintiff, a Connecticut State Trooper, was severely injured when struck by a motor vehicle operated by the defendant. The incident in question occurred on March 7, 1987 at approximately 8:13 p. m. on Route 9, a public highway in the Town of Chester which runs substantially in a northerly and southerly direction. For traffic proceeding in a northerly direction said highway at the locus in question consists of three travel lanes plus a shoulder.
The plaintiff brought his police cruiser to a stop to the rear of another police cruiser. Both vehicles were stopped in the extreme right travel lane for northbound traffic. The forward cruiser exhibited flashing strobe blue lights, a center dome light, headlights and red rear lights. The State police vehicle operated by the plaintiff exhibited headlights, a light on its dashboard, four way rear flashing lights and a third brake light in the rear window.
Once the plaintiff brought his vehicle to a stop he exited the same and walked forward to meet his fellow trooper who was in the process of arresting the operator of a third vehicle which was stopped partially in the extreme right hand land and partially on the shoulder. Following a conversation with his fellow trooper the plaintiff set about to return to his cruiser to radio the Troop in furtherance of the police activity at the scene.
There was ample evidence from which the jury could have concluded that the defendant was negligent in the operation of his motor vehicle and that the plaintiff was comparatively negligent. The degree to which the litigants were culpable presented a factual issue for the jury.
The plaintiff testified that he was walking in a southerly direction entirely within the easterly most lane for north bound traffic along side the police cruisers when he was struck and that there was no lateral movement on his part prior to being struck. The witness Eugene Baron, a reconstruction expert testified in substance that the location of the initial point of impact was where the plaintiff claimed it to be, that the plaintiff was not moving laterally at the time of the initial impact and it was the CT Page 7334 right front bumper of the defendant's vehicle which struck the plaintiff.
Further there was evidence from which the jury could have concluded that the defendant having observed the lights on the police cruisers was alerted to the probability of pedestrians in the area and the need to make allowances for them; that the defendant was operating his motor vehicle at rates of speed 55 mph at one point and 40-45 mph at another point, and that the defendant first observed the plaintiff on the highway at a point near the driver's side of the 1st cruiser in line when his car was a few feet away (at a point even with the rear of the 2nd cruiser). (Testimony of Defendant).
In its charge concerning to liability the court instructed the jury with respect to the common law and statutorily mandated standards of care (T 12, 13); the relative rights and obligations of pedestrians and motor vehicles concerning their use of public highways (T 14, 15, 16); The principles of law directed to each applicable allegation of negligence in the complaint and special defense (T 17, 18, 19, 20, 21, 22, 23, 24, 25, 26); causation and comparative negligence.
The primary function of a charge to the jury is to assist them in applying the law correctly to the facts which they find to be established. The ultimate test to be applied to jury instructions is not whether they are accurate upon legal principles of courts of last resort but whether, taken as a whole they fairly and adequately present the case to a jury in such a way that injustice is not done to either party under the established rules of law. The adequacy of the instructions must be determined in light of their overall impact on the jury. The charge must be examined to determine whether it fairly presents a case to the jury and it is not to be subject to a degree of scrutiny that is tantamount to a microscopic examination seeking technical flaws, inexact, inadvertent or contradictory statements. Ford v. Blue Cross BlueShield of Connecticut, Inc., 216 Conn. 40, 55; Ellice v. INA,208 Conn. 218, 226; Holbrook v. Casazza, 204 Conn. 336, 352; Norrie v.Heil Co., 203 Conn. 594, 602.
In the Motion to Set Aside the Verdict the defendant itemized some forty-three (43) exceptions to the charge thirty-two (32) of which were directed to the issue of liability. The exceptions taken at the conclusion of the charge were not as clearly articulated as in the foregoing motion and were difficult to CT Page 7335 follow. Connecticut Practice Book § 315; Atlantic Richfield Co. v.Canaan Oil Co., 202 Conn. 234, 238.
Most of the exceptions relate to the claim the charge was erroneous because there was no evidential support for various allegations of driver error to wit: speed, control (application of brakes), lookout, warning of approach (sounding of horn), passing police vehicle as closely as was done and duty to anticipate presence of pedestrians. As noted above the defendant's testimony to the effect that upon observing evidence of police activity he was alerted to the probability of pedestrians in the area and the need to make allowances for them coupled with the events that followed could (and did) furnish a fertile basis for a finding of negligence in any one or more of the aforesaid ways. The allegations of negligence are relative in nature and require evaluation in light of all the surrounding circumstances.
The charge was criticized because it instructed the jury on the issue of reasonable care because it wasn't "pled". The very definition of negligence itself refers to reasonable care, (T 42).
In the exception to the instruction concerning the duty of a motor vehicle operator to anticipate presence of pedestrians the defendant states the statute (presumably 14-300d C.G.S.) "presumes there will be no pedestrians in the highway and so states "This is an erroneous statement of law (T 43)."
Various other exceptions (T 44, 47, 48) relate to a failure of the court to explain the application of a rule to the specifics of the instant case. The charge as delivered was more than adequate in this regard.
It should be noted that on several occasions during the course of the trial the court requested defense counsel to provide Requests to Charge covering various claims being asserted. This counsel failed and neglected to do.
It does not seem quite fair that counsel should be permitted to complain concerning his perception that the charge was deficient for failure to elaborate in certain areas when he failed and neglected to comply with the court's several requests in this regard.
The exceptions relating to damages have no basis in fact. CT Page 7336
Many of the claims are too trivial to warrant discussion viz that plaintiff's counsel's comments in opening argument constitute judicial admission when the court informed the jury that what the attorney's say in opening argument is not evidence or viz the reference to rights of pedestrians to use limited access highways (T 43) when there was no mention at any time prior to exceptions that Rt. 9 was a limited access highway for the purpose of implicating regulations governing usage by pedestrians.
The attempted anatomical dissection of the charge at the conclusion of its delivery detracts from the force of the exceptions which may have had merit and renders it virtually impossible for the court to correct claimed errors which were submerged in the inconsequential. Fasanelli v. Terzo, 150 Conn. 349,353, 354.
The charge as given was the product of a good deal of thought and work. It passes muster under the standards set forth above.
Claim is also asserted that the verdict was excessive. The nature and extent of the plaintiff's injuries and their residual implications coupled with economic damages of some $284,221.00 justify a verdict of $685,000.00. The amount of the verdict clearly is not excessive and falls well within the elastic limits of fair, just and reasonable compensation.
Motion to Set Aside Verdict is denied.
John C. Flanagan State Trial Referee